[Cite as *In re A.M.*, 2019-Ohio-1843.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| A.M., DELINQUENT CHILD | : | |
| | | **CASE NO. 2018-L-087** |

Appeal from the Lake County Court of Common Pleas, Juvenile Division, Case No. 2018 DL 00331.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For State of Ohio).

*Charles R. Grieshammer*, Lake County Public Defender, *Vanessa R. Clapp*, Assistant Public Defender, and *Ashlyn Carroll*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For A.M.).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, A.M., appeals her delinquency adjudication for engaging in conduct that, if committed by an adult, constitutes petty theft, a first-degree misdemeanor in violation of R.C. 2913.02(A)(1). We affirm.

{¶2} Appellant's sole assigned error asserts:

{¶3} "The trial court erred to the prejudice of the delinquent child-appellant when it denied her Crim.R. 29(A) motion for judgment of acquittal, in violation of her rights to a

fair trial and due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution."

{¶4} Upon reviewing the denial of a motion for acquittal, we use the same standard of review used to review sufficiency of the evidence claims. *State v. Wright*, 11th Dist. Portage No. 2000-P-0128, 2002-Ohio-1432, *2; *State v. Cassel*, 2nd Dist. Montgomery No. 26708, 2016-Ohio-3479, 66 N.E.3d 318, ¶16. In reviewing a challenge to the sufficiency of the evidence, an appellate court views the evidence in a light most favorable to the prosecution. *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). Sufficiency is "a term of art meaning that legal standard which is applied to determine whether the case may go to the [finder of fact] or whether the evidence is legally sufficient to support the * * * verdict as a matter of law. * * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶5} L.Z. testified that she attends high school with appellant and that they are in the same history class. During class one day they watched a Holocaust video, and L.Z. placed her phone in her backpack and zipped it up before the movie began. She kept her bookbag on the floor next to her chair until the end of class. Appellant was sitting to the left of L.Z. and a little behind her diagonally.

{¶6} After history class, L.Z. went to gym class. And after gym, L.Z. realized her phone was missing. She searched her belongings and both her lockers but could not find her phone. L.Z. also retraced her steps and asked her friends if they had seen her phone.

**{¶7}** L.Z. eventually went to appellant's study hall and asked appellant to return her phone. Appellant complied, stating that she would get the phone from her friend, B.L. B.L. and A.M. are a grade ahead of L.Z.

**{¶8}** B.L. and appellant were in the same study hall, and they were sitting in the back of the room by the computers at the time. After returning from the back of the study hall, appellant handed L.Z.'s phone to her and said something like she was "messing with" L.Z. and that appellant only took the phone as a joke. Appellant did not have her own phone at this time. L.Z. identified appellant at trial as the person who took her phone.

**{¶9}** L.Z. testified that although she believed appellant was going to give her phone back, she did not believe that the incident was just a joke. L.Z. explained that while she and appellant, "mess around with each other, * * * we don't really take each other's stuff."

**{¶10}** Furthermore, although L.Z. got her phone back, it was missing the SIM card, so she was unable to make calls or send messages.

**{¶11}** B.L. testified that she is not in history class with L.Z. and appellant, but she was in study hall with appellant. On the day of the incident, appellant told B.L. that she jokingly took L.Z.'s phone during history class. B.L. and appellant are friends, and they sit together in study hall in the back of the room by the computers. Appellant asked B.L. to give the phone back to L.Z. after study hall since B.L. sees L.Z. in the hall. B.L. never had possession of the phone that day, but it was on the computer desk near her when L.Z. came to retrieve it. B.L. recalls that L.Z. was mad because her SIM card was missing. The school searched both B.L. and appellant, and the SIM card was never found.

{¶12} S.T., appellant's classmate and friend, testified that appellant told her that she initially took the phone as a joke, "but then [appellant] said she might actually take it because she didn't have a phone." S.T. explained that appellant used to have her own phone, but that it had been taken away.

{¶13} Appellant claims the state failed to prove that L.Z. was actually deprived of her phone because L.Z. was only without it for approximately two hours, and since appellant took it only as a joke with the intent to return it. And although appellant momentarily considered keeping the phone, she had already enlisted her friend's help to return it to L.Z. when she came looking for it. Upon viewing the evidence in a light most favorable to the state, we disagree.

{¶14} R.C. 2913.02(A)(1) states in part:

{¶15} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

{¶16} "(1) Without the consent of the owner or person authorized to give consent * * *."

{¶17} "A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A).

{¶18} "'Deprive' means to do any of the following:

4

{¶19} "(1) Withhold property of another permanently, or for a period that appropriates a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration;

{¶20} "(2) Dispose of property so as to make it unlikely that the owner will recover it;

{¶21} "(3) Accept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return for the money, property, or services, and without reasonable justification or excuse for not giving proper consideration." R.C. 2913.01(C).

{¶22} Contrary to appellant's argument, the evidence is legally sufficient to support the verdict as a matter of law. Appellant took the phone from her classmate's zipped bookbag without the classmate's consent. The lack of consent is undisputed. Further, appellant's friend, S.T., testified that appellant considered keeping the phone for herself, and both S.T. and L.Z. explained that appellant did not have a phone of her own at the time.

{¶23} Moreover, the state established that upon L.Z.'s retrieval of her phone from appellant, the phone's SIM card was missing and never returned. A SIM card is linked to an individual's cellular or data plan and enables a mobile phone to make and receive calls and messages. The factfinder could reasonably infer that appellant removed L.Z.'s SIM card to enable appellant to use the phone as her own. The missing SIM card bolsters a finding that appellant deprived L.Z. of her property. Thus, a reasonable juror could deduce that appellant committed petty theft. This was a question of fact for the factfinder. *State v. King,* 11th Dist. Lake No. 2003-L-177, 2005-Ohio-4656, ¶67 (reasonable minds could have reached different conclusions as to the material elements of the crime of theft).

5

{¶24} The factfinder was free to disbelieve appellant's theory of the case and instead believe the state's evidence. *State v. Rawson,* 10th Dist. Franklin No. 14AP-1023, 2016-Ohio-1403, 62 N.E.3d 880, ¶37; *State v. Bounds,* 5th Dist. Richland No. 2009-CA-0063, 2009-Ohio-4767, ¶63. This is not a question of sufficient evidence but weight of the evidence and its effect in inducing belief. *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).

{¶25} Further, that L.Z. was only deprived of her phone for approximately two class periods is of no consequence. The statute does not require the state to prove that one has permanently withheld the property of another. R.C. 2913.02(A)(1). A showing that the defendant had the intent to permanently deprive or withhold another's property is sufficient. *State v. Jordan*, 9th Dist. Summit No. 26598, 2013-Ohio-4172, ¶28 ("Pursuant to R.C. 2913.02(A)(1), a defendant need only have 'purpose' to deprive the owner of property; he need not actually permanently withhold or dispose of the property.")

{¶26} Accordingly, appellant's sole assigned error lacks merit, and the trial court's decision is affirmed.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.